The court will proceed to the sixth case, the United States v. Kennedy-Robey. Mr. Fink. May it please the court. Andrew Finka on behalf of defendants, appellants, Kennedy-Robey. Before I get into my argument, I'd like to address an error, a substantive error in the defendant's reply. The sentence begins on page 6 and ends on page 7 of the defendant's reply. It indicates that the defendant committed the fraud while on supervised release. That is not the case. It was while under supervision in custody, in supervision in a halfway house. I don't think it affects the argument in that passage. However, I wanted to raise that issue because that mistake does not occur anywhere else in the briefing. And it is central to the argument that defendant advanced on appeal, or sorry, at sentencing, and that wasn't adequately considered or addressed by the district court judge. The law is clear in this respect that the district court judge must acknowledge and respond to all of the chief arguments that are non-privileged and supported by the factual record that defendant advances at sentencing. That response has to be more than merely a cursory reference. It actually has to provide enough for this court to be able to review the court's decision and determine whether or not it was reasonable. That didn't happen here. At the closest that the judge came in this case to addressing the mental health issues that the defendant laid out extensively both in her sentencing memorandum that appeared in the PSR that was discussed in her allocution and that was advanced by counsel at argument in the sentencing hearing was the sentence that, as quoted many times in the brief, that the judge found or did not believe that fault lied in the institution's inability or negligence to provide mental health treatment to this defendant. That was not defense counsel's argument at sentencing. Instead, defense counsel laid out this pattern of behavior where when defendant was able to receive treatment for her mental health issues, she didn't commit any of the conduct that the record reflects and that though that treatment was very effective in preventing her from recidivism and it was effective in promoting her respect for the rule of law, the judge didn't respond to that argument. What was he supposed to say? He was supposed to give some sort of his own analysis of the mental health? Well, there are a number of things he could do. He can recognize that she got mental health treatment and she has mental health problems, which I think he did, not in any elaboration, but . . . That's part of the problem here is that one of the first things he could do is make a factual finding onto whether or not he finds the defendant's argument regarding her mental health issues to be credible. And if he makes that factual finding, how much weight did she give to his decision or his analysis in the 3553 factors as to whether or not she's likely to recidivate or whether or not specific deterrence is actually . . . that goal is actually achieved by incarceration here. None of that happened. So, for example, here as well, the government argues that the terms of supervised release, because he took into account the fact that she had mental health issues and asking about where she might be sent in the Bureau of Prisons, he effectively did acknowledge those mental health issues. That doesn't respond to the defendant's argument. Had he said, I'm imposing a larger sentence so that . . . Keep her out of trouble. . . . make sure that she gets treatment, that would have addressed the argument, and we could review that, and we could actually speak more to whether or not it was reasonable. We can't here. And I think part of the real issue here is that the greater the variance from the guidelines, in this case twice the upper end of the guidelines, and twice the sentence that was recommended by the government, the greater the variance from the guidelines, the greater the justification must be so that the court can actually determine why or whether or not the judge's sentence was reasonable. That didn't happen here. So that's essentially our procedural argument. On substantive reasonableness, there's not a lot to go on, or at least our position is that there isn't a lot to go on, in terms of how reasonable his assessment of the defendant's mental health issues was in crafting the sentence. Well, she had lots of problems, and they were kept going, doing . . . regardless of where she was outside the prison, she seemed to not be able to avoid doing some of these things. Maybe I know the judge can say the only place she's going to stay out of trouble is the lengthy sentence. I guess you say he should have said all that, or said more than that. No, no. I think that our position is that to the extent that the judge addressed what concerned him about her conduct, the fact that she committed this offense while technically in custody, that's an adequate justification if the defendant hadn't raised the fact that treatment was effective when she was able to receive it. Treatment was effective in preventing her from this kind of behavior. And that's the problem, is that the defendant successfully made that argument. Where was she during this treatment? When she was on . . . Actually, the record shows that the only time that she received treatment and the treatment was effective was when she was on supervised release, to the extent supervised release or pretrial release before her conviction in 2014, or her sentencing in 2014. And she pleaded guilty. I apologize. And from April 2018 until the sentencing in this case. In both of those cases, treatment proved to be very effective, and it was under terms of supervised release. But, counsel, the district judge did consider. I mean, he referenced, he discussed the mental health treatment, but he also described the defendant's conduct as absolutely frightening. I mean, she was a pretty significant recidivist. I agree. I guess what I'm saying is it almost sounds like your argument is that because she had received some mental health treatment that was effective, it was kind of surprising that the district court didn't account for that in lowering her sentence. Well, our argument in sentencing was that because she received the treatment that was effective, that she should receive a lower sentence. Our argument here is that the judge didn't respond to that. But he did. By acknowledging her arguments about how her mental health conditions caused her to rationalize her decisions and seeking mental health treatment, he just wasn't moved. He addressed it. I don't recall in the record where he addressed that her mental health issues caused her to rationalize. No, she said that. Yeah, but that wasn't my understanding. He was present when she made these arguments, and he received them. But I think part of the problem is that the only place he appears to have acknowledged it is in that one sentence where he says the fault doesn't lie in institutions' failure to provide mental health care. And that wasn't defendant's argument. It wasn't saying that she was less culpable because someone else didn't give her the care she needed. What he was saying was that in considering the sentence, treatment and the effectiveness of treatment should play a role in the judge's analysis. And we can't tell if it did here because he did focus on, and I'm not saying he shouldn't have focused on the acts that the defendant committed. It's just that he didn't respond to the defendant's argument that the effectiveness of treatment with this defendant should be a part of that sentence. And it's, as a result, difficult for us to respond to the judge's reasoning there. To the extent that we do have the judge's reasons, they appear to reflect the need to protect the public, the need for deterrence, and the need to promote respect for the rule of law. And all those are valid considerations or, in fact, mandatory considerations. Here they don't really square both with the defendant's argument and the judge's own findings. The judge found acceptance of responsibility here. Want to save a little time for rebuttal? Yes, please. Thank you. Thank you, Mr. Fink. Ms. Kastanik. Good afternoon, and may it please the Court. The district court did not abuse its discretion in imposing an above-guideline sentence of 36 months upon this defendant. As the district court noted, this defendant is almost irrational in her insistence upon committing fraud. She was prosecuted in 2012 for a multimillion-dollar fraud of which she was the mastermind. She became a fugitive, continued to commit fraud while she was on pretrial release. Note that this was after she was receiving mental health treatment as part of her 2012 pretrial release, as noted in the PSR for that case. She pled guilty, was sentenced substantially below the guidelines in that case to 72 months' imprisonment, and within a few weeks of being released from that prison term to a halfway house, began committing fraud again. It is incorrect that the district court's treatment of her mental health arguments was simply cursory. The defense attorney points to a single paragraph in the district court's rationale where he specifically talks about mental health treatment. However, from the very beginning of the court's 3553A analysis, the court is talking about the defendant's own reflection upon her mental health or her mental illness as causing her to rationalize her behavior. And the district court at page 23 of the appendix says this is not just rationalization. This is a persistent conduct in committing fraud. I don't have any hope of her rehabilitating herself, contrary to what the defendant argued at sentencing, that she needed treatment to rehabilitate herself. He called the defendant's desire to lie and cheat absolutely frightening, and that her commitment, again, to this fraud was uniquely aggravating and warranted an above-guidelines sentence. The district court gave a proper consideration to those arguments, found them unpersuasive, and it acted within its discretion in doing so. If the court has no questions, the government would ask that the court affirm the defendant's sentence. Thank you, Ms. Kostanek. Mr. Fink. With my rebuttal, I'd like to just address the substantive reasonableness argument and the fact that this was twice both the sentence recommended by the government of 18 months and that of the higher end of the guidelines. I think it's important to note that the district court focused on the fact that this crime was committed while in custody. The guidelines, that's not unique. The guidelines take that into consideration. Sentencing Guideline 4A1D specifically increases the criminal history category by two, and that was done in this case if the crime was committed while in custody. The court doesn't address why it needs to go beyond that guideline, why that guideline in particular is insufficient in addressing the defendant's culpability. Just by way of illustrating how far beyond the guideline sentence this sentence was, if her criminal history category wasn't three but instead was six, this sentence would still be three months above the upper guideline range of 27 to 33. It's literally off the charts here, and it's not enough to simply say it's unique, and it's not enough to simply say that he doesn't believe that the defendant's rationalization is enough to mitigate the sentence here. If there are no further questions, we respectfully request that this court vacate the sentence and remand for a further sentence. Mr. Fink, I want to thank you and Ms. Kostanek for your arguments, and Mr. Fink, I want to give you an additional thanks on behalf of the court for accepting the appointment in this case. Thank you, Your Honor. The case is taken under advisement.